IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-322-BO-KS

BRANDEN HARGROVE,                         )
                                          )
          Plaintiff,                      )
                                          )
v.                                        )          O R D E R
                                          )
FRED ANDERSON TOYOTA OF                   )
SANFORD and REGIONAL                      )
ACCEPTANCE CORPORATION,                   )
                                          )
          Defendants.                     )

This cause comes before the Court on a motion to dismiss and a motion to dismiss and compel arbitration filed by defendants, [DE 28]; [DE 32], plaintiff's motions to strike and motion for entry of default [DE 21]; [DE 22] [DE 38], and defendant Fred Anderson Toyota's motion for extension of time. [DE 20]. The appropriate responses and replies have been filed, or the time for doing so has expired, and in this posture the motions are each ripe for disposition.

BACKGROUND

Plaintiff, who proceeds *pro se*, initiated this action against defendants alleging claims arising from his purchase of a vehicle from Fred Anderson Toyota of Sanford (Fred Anderson) through financing provided by Regional Acceptance Corporation (RAC) in February 2021. *See* [DE 1]. In his amended complaint, plaintiff alleges that he paid the balance of the vehicle contract by April 2025 and made unsuccessful attempts to cause defendants to return unearned interest and out-of-pocket value to plaintiff. [DE 16] ¶ 7. Plaintiff has alleged four causes of action against both defendants: breach of contract, unjust enrichment, commercial injury, and violation of federal consumer credit law, specifically 15 U.S.C. § 1601 and Regulation Z. *Id.* ¶¶ 11-20.

Defendant Fred Anderson sought an extension of time to respond to the complaint, which plaintiff opposed and moved to strike. [DE 20]; [DE 21]; [DE 25]. Plaintiff further seeks entry of Clerk's Default against Fred Anderson. [DE 22]. Fred Anderson has moved to dismiss and compel arbitration of plaintiff's claims [DE 28], which plaintiff opposes [DE 36]; [DE 40], and has moved to strike. [DE 38]. Defendant RAC has moved to dismiss plaintiff's complaint for failure to state a claim [DE 32], which plaintiff opposes [DE 37]; [DE 39].

## DISCUSSION

At the outset, and for good cause shown, Fred Anderson's motion for extension of time to answer or otherwise respond to plaintiff's complaint [DE 20] is granted. Fred Anderson's motion to dismiss and compel arbitration is deemed timely filed. Plaintiff's motions to strike [DE 21]; [DE 38] are therefore denied. As Fred Anderson has filed a timely response to plaintiff's amended complaint, plaintiff's motion for entry of Clerk's Default [DE 22] is denied.

The Court next considers Fred Anderson's motion to dismiss and compel arbitration. Section 4 of the Federal Arbitration Act (FAA) allows a party to an arbitration agreement to enforce that agreement by petitioning any district court for an order compelling arbitration. 9 U.S.C. § 4. Under § 4, arbitration will be compelled if (1) "the parties have entered into a valid agreement to arbitrate, and" (2) "the dispute in question falls within the scope of the arbitration agreement." *Chorley Enterprises, Inc. v. Dickey's Barbecue Restaurants, Inc.*, 807 F.3d 553, 563 (4th Cir. 2015); *Muriithi v. Shuttle Exp., Inc.*, 712 F.3d 173, 179 (4th Cir. 2013). "The FAA reflects a liberal federal policy favoring arbitration agreements." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (quotations and citation omitted).

"In the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate (1) the existence of a dispute between the parties, (2) a written agreement that includes

an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the [non-moving party] to arbitrate the dispute." *Adkins*, 303 F.3d at 500–01 (internal quotations and citation omitted). In determining whether an agreement to arbitrate has been made, a court looks "to state law principles governing contract formation." *Mey v. DIRECTV, LLC*, 971 F.3d 284, 288 (4th Cir. 2020). Under North Carolina law, the party seeking to compel arbitration must demonstrate "that the parties mutually agreed to arbitrate their disputes . . .." *JRM, Inc. v. HJH Companies, Inc.*, 287 N.C. App. 592, 596 (2023) (citation omitted).

In his complaint, plaintiff acknowledges the existence of a binding contract which governed his purchase of the subject vehicle from Fred Anderson with financing provided by RAC. *See* [DE 16] ¶¶ 5; 11. Fred Anderson has filed a copy of the vehicle sales contract and a separate arbitration agreement which were both executed in connection with Fred Anderson's sale of the subject vehicle to plaintiff on February 27, 2021. [DE 29-1] ¶¶ 4-6; *id.* at 7-13; *see also Meridian Imaging Sols., Inc. v. Omni Bus. Sols. LLC*, 250 F. Supp. 3d 13, 21 (E.D. Va. 2017) (applicable standard in deciding motion to compel arbitration is similar to summary judgment standard). The retail installment sales contract, Exhibit A to [DE 29-1], contains both the terms of the vehicle sale and an agreement to arbitrate "Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute) between [plaintiff and Fred Anderson] which arises out of or relates to . . this contract or any resulting transaction or relationship . . .." [DE 29-1] at 10. Plaintiff's signature appears as a co-buyer directly beneath the arbitration provision contained in the sales contract. Plaintiff also signed a separate arbitration agreement as a co-purchaser of the vehicle. [DE 29-1] at 13. The arbitration agreement provides that either the purchasers of the subject vehicle or Fred

3

Anderson can demand that any dispute arising out of the purchase or lease of the subject vehicle be decided in arbitration. *Id.*

Here, there is a dispute between the parties as plaintiff has initiated this suit seeking damages from Fred Anderson. There are two written agreements which are signed by both plaintiff and Fred Anderson which purport to cover this dispute, as the arbitration provisions broadly cover any claims arising from plaintiff's purchase of the subject vehicle. *See Wachovia Bank, Nat. Ass'n v. Schmidt*, 445 F.3d 762, 767 (4th Cir. 2006) (Fourth Circuit has "consistently held that an arbitration clause encompassing all disputes 'arising out of or relating to' a contract embraces 'every dispute between the parties having a significant relationship to the contract regardless of the label attached to a dispute.'") (citation omitted); *see also Mey*, 971 F.3d at 293. The sales agreement concerns the purchase of an automobile, which relates to interstate commerce, and plaintiff appears unwilling to arbitrate his dispute with Fred Anderson. Accordingly, the requirements for arbitration have been satisfied.

In opposition to Fred Anderson's motion, plaintiff argues that Fred Anderson is default, that the arbitration agreement is unenforceable due to fraud in the inducement and lack of full disclosure, that plaintiff's claim do not arise out of the contract but are grounded in "post assignment unjust enrichment," and that equity and public policy do not favor arbitration of this dispute. [DE 40].

As outlined above, Fred Anderson is not in default and this argument is without merit. Plaintiff does not dispute that he signed the relevant arbitration agreements, but makes bald assertions that Fred Anderson engaged in fraud and hidden financial activities which altered the nature of the transaction between them. Plaintiff proffers no support for these assertions, and he has failed to show that the arbitration agreements should not be enforced. Plaintiff further contends

4

that his claims against Fred Anderson are not encompassed by the arbitration agreements, but the arbitration provisions plainly reserve any question of arbitrability for the arbitrator. *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010) ("parties can agree to arbitrate gateway questions of arbitrability, such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy.") (internal quotations omitted). Finally, plaintiff's public policy arguments are without merit. "The FAA reflects 'a liberal federal policy favoring arbitration agreements . . [and] [u]nderlying this policy is Congress's view that arbitration constitutes a more efficient dispute resolution process than litigation." *Adkins*, 303 F.3d at 500 (internal citation omitted). Plaintiff's citation to *Broughton v. Cigna Healthplans of California*, 21 Cal. 4th 1066 (1999), which concerned cases seeking public injunctive relief, provides no basis for finding that the FAA's policy favoring arbitration would not apply in this instance. *See also Ferguson v. Corinthian Colleges, Inc.*, 733 F.3d 928, 934 (9th Cir. 2013) (FAA preempts California's *Broughton-Cruz* rule).

In sum, Fred Anderson has demonstrated that plaintiff's claims against it are subject to arbitration. The Court will therefore refer plaintiff's claims against Fred Anderson to arbitration. Although Fred Anderson has requested dismissal after referral to arbitration, the Court will stay this action against Fred Anderson while arbitration is ongoing. *See Smith v. Spizzirri*, 601 U.S. 472, 477 (2024); *Westbrook v. ADT Solar LLC*, No. 1:24-CV-377, 2024 WL 4785153, at *1 (M.D.N.C. July 10, 2024)

The Court next considers RAC's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[1] A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted

---

[1] Fred Anderson argued that the arbitration provisions also permit referral of plaintiff's claims against RAC to arbitration. However, because RAC has separately moved to dismiss the complaint, and because the Court concludes that dismissal is warranted, the Court declines to consider this argument.

5

tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

RAC argues that plaintiff has failed to state a plausible claim for breach of contract, unjust enrichment, commercial injury, or a claim under Regulation Z or 15 U.S.C. § 1601. The Court agrees. To plausibly allege a claim for breach of contract under North Carolina law, a plaintiff must allege the existence of a valid contract and a breach of the terms of the valid contract. *Poor v. Hill*, 138 N.C. App. 19, 26 (2000). Plaintiff has alleged the existence of a valid contract with RAC. [DE 16] ¶ 11; [DE 1-2]. Plaintiff then alleges that, after he paid off his loan, RAC breached the contract by failing to pay plaintiff unearned interest and out of pocket value, but plaintiff has failed to identify any provision of the contract which would require RAC to make such payment. In his opposition to the motion to dismiss, plaintiff argues that he performed fully under the contract and that "RAC retained funds and continued to collect after discharge." [DE 39] at 2. But

6

plaintiff fails to identify any provision of the contract which RAC allegedly breached, and plaintiff has thus failed to plausibly allege a breach of contract claim.

Plaintiff has also failed to state an unjust enrichment claim, as he has alleged the existence of a contract between himself and RAC. *See Atl. & E. Carolina Ry. Co. v. Wheatly Oil Co.*, 163 N.C. App. 748, 753 (2004) (unjust enrichment does not apply where there is a contract between the parties). Although plaintiff argues that unjust enrichment may be pled in the alternative, here the parties do not appear to dispute the existence of the contract. Moreover, a claim for unjust enrichment requires a plaintiff to show that "(1) a measurable benefit was conferred on the defendant, (2) the defendant consciously accepted that benefit, and (3) the benefit was not conferred officiously or gratuitously." *Primerica Life Ins. Co. v. James Massengill & Sons Const. Co.*, 211 N.C. App. 252, 259–60 (2011). Plaintiff's amended complaint fails to allege any measurable benefit that was conferred on RAC or that RAC accepted any benefit from plaintiff which was not governed by the parties' contract. RAC's motion to dismiss this claim is therefore granted. Plaintiff's claim for "commercial injury" appears to have no basis in law, and is also properly dismissed. Indeed, in his opposition to the motion to dismiss, plaintiff clarifies that that commercial injury refers not to an independent tort but rather to the harm he sustained from defendants' unjust enrichment.

Finally, plaintiff has failed to state a claim pursuant to Regulation Z or 15 U.S.C. § 1601. The Truth in Lending Act (TILA), 15 U.S.C. §§ 1601, *et seq.*, was enacted to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." *Id.* § 1601(a). "Accordingly, TILA and its implementing regulation, 12 C.F.R. § 226 ("Regulation Z'), require creditors to

7

'clearly and conspicuously' disclose certain information pertaining to credit transactions." *Gibson v. Confie Ins. Grp. Holdings, Inc.*, No. 2:16-CV-02872-DCN, 2017 WL 2936219, at \*6 (D.S.C. July 10, 2017).

Plaintiff's amended complaint does not allege that RAC failed to disclose required information pertaining to plaintiff's credit transaction. Plaintiff alleges that defendants' failure to respond and provide plaintiff with an accounting violates TILA and Regulation Z. The Court is not aware of any provision of TILA or Regulation Z which would require defendants to provide plaintiff with an accounting. In his opposition to the motion to dismiss, plaintiff argues that RAC failed to disclose the value and funding derived from plaintiff's application and that it continued enforcement after discharge. Even considering these assertions, plaintiff has not stated a plausible claim for violation of TILA. Moreover, as RAC argues, a TILA claim must be filed within one year of the violation. *See Tucker v. Beneficial Mortg. Co.*, 437 F. Supp. 2d 584, 589 (E.D. Va. 2006). For "closed-end credit transactions," the triggering date for the statute of limitations is "no later than the date the plaintiff enters the loan agreement." *Id.* (citation omitted). Here, plaintiff entered into the loan agreement in February 2021, and his TILA claim filed in 2025 is therefore untimely. RAC's motion to dismiss [DE 32] is granted in full.

### CONCLUSION

Accordingly, for the foregoing reasons, Fred Anderson's motion for extension of time to answer or otherwise respond to plaintiff's complaint [DE 20] is GRANTED. Plaintiff's motions to strike [DE 21]; [DE 38] are DENIED. Plaintiff's motion for entry of Clerk's Default [DE 22] is also DENIED. Fred Anderson's motion to dismiss and compel arbitration [DE 28] is GRANTED IN PART and DENIED IN PART. Plaintiff's claims against Fred Anderson are REFERRED to arbitration. The case is STAYED as to the claims against Fred Anderson pending arbitration. Fred

8

Anderson shall notify the Court within fourteen (14) days of the resolution of the arbitration proceedings as to whether any claims or issues remain for adjudication in this case.

RAC's motion to dismiss [DE 32] is GRANTED. Plaintiff's claims against RAC are DISMISSED with prejudice for failure to state a claim for relief.

SO ORDERED, this __10__ day of June 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

9